**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| WANDA ELIZABETH MCGAREY, | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | Case No.  SA-25-CA-00282-XR |
| | § | |
| FRANK BISIGNANO, COMMISSIONER | § | |
| OF SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| *Defendant* | § | |

**ORDER ON REPORT AND RECOMMENDATION**

On this date the Court considered United States Magistrate Judge Henry J. Bemporad's

Report and Recommendation, docketed June 4, 2026, recommending that the Court affirm the

denial of Plaintiff Wanda Elizabeth McGarey's application for disability-insurance benefits under

Title II of the Social Security Act (ECF No. 18). No objections have been filed and the time to do

so has expired. After careful consideration, the Court **ADOPTS** the recommendation.

**BACKGROUND**

I.      **Denial of Plaintiff's DIB Application**

Plaintiff filed an application for disability-insurance benefits ("DIB") on April 11, 2022,

alleging an onset of her disability on January 1, 2022. *See* Tr. at 16. Her last insured date is

December 31, 2027. Tr. at 19. At the time of her alleged onset date, Plaintiff was 44 years old with

a high school education. Tr. at 31.

After the Commissioner denied her initial claim and her request for reconsideration,

Plaintiff filed a written request for a hearing, which was held before Administrative Law Judge

("ALJ") Penny Wilkov on August 27, 2024. *See* Tr. at 42–64. On October 29, 2024, the ALJ issued

a decision finding that Plaintiff was not disabled. Tr. at 16–34. In her decision, the ALJ followed the five-step sequential evaluation process required under 20 C.F.R. § 404.1520(a). Tr. at 17–19.

At step one of the evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. Tr. at 19. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine with spondylosis and degenerative disc disease of the thoracic spine; degenerative joint disease in both shoulders, hips, and knees; type II diabetes; obesity; depression; and anxiety. Tr. at 19–20. At step three, the ALJ found that Plaintiff had no "impairment or combination of impairments that meets or medically equals the severity of one of the impairments" listed in 20 C.F.R. § 404, Subpart P, App. 1 ("the Listings"). Tr. at 20–22.

Before reaching step four in the analysis, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform "light" work as defined in 20 C.F.R. § 404.1567(b), subject to the following physical limitations: she can never climb ropes, ladders, or scaffolds; she can only occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; she can only frequently reach in all directions bilaterally; and she can only occasionally reach overhead bilaterally. Tr. at 23. The ALJ also identified mental limitations in the RFC, finding that Plaintiff can understand, carry out, and remember detailed but not complex instructions; sustain concentration and persistence for periods of two hours at a time; have appropriate work-related interaction with coworkers, supervisors, and the public; and tolerate routine changes to the work setting. *Id.*

At step four, the ALJ found that Plaintiff was unable to perform past relevant work. Tr. at 31. But at step five, based on her RFC findings and the testimony of a vocational expert ("VE"), the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform—all classified as light, unskilled work (SVP-2): marker, DOT 209.587-034, with

2

approximately 165,000 jobs nationwide; power-screwdriver operator, DOT 699.685-026, with approximately 257,000 jobs nationwide; and cashier II, DOT 211.462-010, with approximately 458,000 jobs nationwide. Tr. at 32. Based on those findings, the ALJ concluded that Plaintiff was not disabled. *Id*.

Plaintiff sought review by the Appeals Council, which denied the request, finding "no reason under [its] rules to review the Administrative Law Judge's decision." Tr. at 1. The Appeals Council's denial made the ALJ's decision the final decision of the Commissioner. *See* Tr. at 1–3. The instant appeal followed. ECF No. 1.

## II.      The Magistrate Judge's Recommendation to Affirm the Denial of Benefits

On appeal, Plaintiff argues that the ALJ's RFC finding was inconsistent with the finding that Plaintiff had a severe mental impairment. ECF No. 10 at 3. Rejecting this argument, the Magistrate Judge recommended affirming the ALJ's denial of benefits, reasoning that the ALJ supported her findings with substantial evidence and applied the correct legal standards. *See* ECF No. 18 at 9–11 (citing *Roberts v. Comm'r of Soc. Sec.*, No. 4:24-cv-930-BP, 2025 WL 1268116, at *4 (N.D. Tex. May 1, 2025) (identifying "no authority that a finding of a severe limitation at step two must correspond to an RFC finding that specifically limits 'understanding, carrying out, and remembering simple instruction.'" (quoting 20 C.F.R. § 404.1522))).

## DISCUSSION

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was docketed on June 4, 2026. ECF No. 18. No objections have been filed.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation.

**CONCLUSION**

For the foregoing reasons, the recommendation of the Magistrate Judge is **ACCEPTED**, and the decision of the Commissioner is **AFFIRMED**.

The Clerk is **DIRECTED** to close this case.

It is so **ORDERED**.

**SIGNED** this 29th day of June, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE